IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID STOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-531 |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION
### and
### ORDER OF COURT

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 11) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 9).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits pursuant to the Social Security Act ("Act"). On July 13, 2009, Plaintiff filed an application alleging that he had been disabled since February 25, 2009. Administrative Law Judge ("ALJ") Lamar W. Davis, held a hearing on November 3, 2010. On January 28, 2011, ALJ Davis found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8, p. 14-22). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. <u>LEGAL ANALYSIS</u>

### A. <u>STANDARD AND SCOPE OF REVIEW</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.   20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.      DISCUSSION**

1.      **Weight given to questionnaire completed by Dr. Bulgarelli**

Plaintiff first complains that the ALJ erred in failing to reference the questionnaire completed by Dr. Bulgarelli. (ECF No. 10, p. 11).   The policy interpretation to SSR 96-2p provides: "Adjudicators must use judgment based on the facts of each case in determining whether, and the extent to which, it is necessary to address separately each medical opinion from a single source."   Thus, not every opinion from a single source must be separately addressed.   In this case, a review of the record reveals that the ALJ did not fail to reference the questionnaire of Dr. Bulgarelli.   In reading the opinion of the ALJ as a whole, contrary to Plaintiff's assertion, the ALJ did separately reference the questionnaire, Exhibit 22.   (ECF No. 8, p. 20).

Plaintiff next complains that the ALJ erred in failing to indicate what weight, if any, he attributed to Dr. Bulgarelli's questionnaire.  (ECF No. 10, p. 11).  I disagree.  The ALJ gave controlling weight to the progress notes of Dr. Bulgarelli explaining that "they are more consistent with the totality of the medical record."  (ECF No. 8, p. 21).  While the ALJ did not specifically state that he was then giving less weight or non-controlling weight to the questionnaire filled out by Dr. Bulgarelli, I find such statement implicit in his acceptance of what was given controlling weight (the progress notes) and why ("they are more consistent with the totality of the medical record").  (ECF No. 9, p. 19).  The ALJ did not need to state the weight of each and every document in any more specific terms.  Based on the same and the record as a whole, I find the ALJ properly considered all of the evidence, including Dr. Bulgarelli's questionnaire. Thus, I find no error by the ALJ in this regard.

**2.      Medical opinions of Dr. Nasr**

Plaintiff argues that while the ALJ mentioned the questionnaire of Dr. Nasr, he  erred in failing to discuss the weight he provided it.  (ECF No. 10, pp. 11-12).  Again, reading the case as a whole, I disagree.   The ALJ explained that he was giving controlling weight to Dr. Bulgarelli's opinion.  (ECF No. 8, p. 21).  To that end, the ALJ explained why Dr. Nasr was not given controlling weight.  *Id.*  He explained that Dr. Nasr's opinions were internally inconsistent when the doctor wrote that claimant was depressed while at the same time the doctor wrote that the depression was in remission.  (ECF No. 8, p. 21, citing ECF No. 8-2, p. 90).  Finally, the ALJ found that Dr. Nasr's opinion of disability was not consistent with other medical evidence, such as the opinions of Dr. Bulgarelli and Plaintiff's GAF throughout the time period.  (ECF No. 8, p. 21).  Based on the same, I find the ALJ's analysis to be sufficient. *See,* 20 C.F.R. §404.1527. Thus, I find no error by the ALJ in this regard.

**3.      Opinions of Drs. Nasr and Bulgarelli**

Finally, Plaintiff submits that the ALJ committed error by failing "to indicate that he properly considered the opinions of Drs. Nasr and Bulgarelli pursuant to the factors set forth in

20 C.F.R. §404.1527(c)."[2]   (ECF No. 10, pp. 12-14).   Specifically, Plaintiff argues that the ALJ

did not discuss the "treatment relationship" Plaintiff had with the doctors.   (ECF No. 10, p. 13).

_____

[2] 20 C.F.R. §404.1527(c) sets for how and ALJ should weigh medical opinions and provides as follows:

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.

(1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.

(2) Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

(i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

(ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories. For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain. When the treating source has reasonable knowledge of your impairment(s), we will give the source's opinion more weight than we would give it if it were from a nontreating source.

(3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions.

A review of the record reveals, however, that the ALJ explicitly pointed out that Dr. Nasr had been seeing Plaintiff from February of 2009 through April of 2010 and that Plaintiff was seeing Dr. Bulgarelli from March of 2010 through September of 2010.  (ECF No. 8, pp. 19-20).  Thus, the treatment relationship is self-evident.

Furthermore, Plaintiff argues that opinions of Drs. Nasr and Bulgarelli set forth in their questionnaires are supported by, and consistent with, each other and the record evidence. (ECF No. 10, p. 13).  The standard of review, however, is not whether there is evidence to establish the Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  After a thorough review of the record as a whole, and based on the above, I find no error.  The ALJ properly evaluated the entire record as a whole and his decision was supported by substantial evidence. Thus, I find the ALJ did not err in this regard.

An appropriate order shall follow.

---

We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.

(4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.

(5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

(6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion. For example, the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has, regardless of the source of that understanding, and the extent to which an acceptable medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID STOVER,                                    )
                                                 )
        Plaintiff,                               )
                                                 )
        vs.                                      )          Civil Action No. 12-531
                                                 )
CAROLYN W. COLVIN,[3]                            )
COMMISSIONER OF SOCIAL SECURITY,                 )
                                                 )
        Defendant.                               )

AMBROSE, Senior District Judge

### ORDER OF COURT

THEREFORE, this 5th day of June, 2013, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

                                BY THE COURT:

                                s/  Donetta W. Ambrose
                                     Donetta W. Ambrose
                                     United States Senior District Judge

---

[3] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.